**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Clarksburg**

**JEFFREY COHEN**,

    Petitioner,

v.                                                  Case No. 1:20-cv-211

**ROBERT HUDGINS**,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDATION**

On August 24, 2021, Jeffrey Cohen ("the petitioner") filed a *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. 1]. The petitioner paid the applicable $5.00 filing fee. [Doc. 5]. This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and it has been referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The petitioner, who is presently incarcerated at Gilmer in Glenville, West Virginia ("FCI Gilmer") is currently serving a 444-month term of imprisonment, followed by a three-year term of supervised release, after his conviction in the United States District Court for the District of Maryland on one count of Wire Fraud in violation of 18 U.S.C. § 1343; one count of Aggravated Identity Theft in violation of 18 U.S.C. § 1028(A); one count of False Statement to a Regulator in violation of 18 U.S.C. § 1033(a); and one count of Obstruction of Justice in violation of 18 U.S.C. § 1512(b). Judgment, *United States v. Cohen*, No.

1:14-cr-00310-GLR, Doc. 594 (D. Md. Dec. 14, 2015).  His current release date is January 4. 2046.

The petitioner filed the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the BOP's failure to award, or denial of, time credit for completing programs or productive activities under the First Step Act of 2018 ("FSA"), 18 U.S.C. § 3632(d)(4)(A).  [Doc. 1].  On April 8, 2021, in response to a show cause order, the respondent filed a Motion to Dismiss or, in the alternative, Motion for Summary Judgment alleging, in effect, that the petition is premature.  [Doc. 11-1].  On April 12, 2021, a Roseboro Notice was issued. [Doc. 12].  On June 3, 2021, the petitioner filed a Response. [Doc. 16].  In addition, the respondent filed a Motion to take Judicial Notice Doc. 15][1], and the petitioner has filed Sur-reply [Doc. 19] and Motion for Summary Judgment. [Doc. 23].

## STANDARD OF REVIEW

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses."  *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th

---

[1] The respondent moves the Court to take judicial notice of the decision issued on April 20, 2021 by the United States District Court for the Southern District of New York in Cohen v. United States of America, Case No. 20-CV-10833, with the opinion attached.  The respondent maintains that the Cohen opinion directly supports arguments made in his Motion to Dismiss. The undersigned clarifies that this case involves Michael Cohen, not the petitioner herein, Jeffry Cohen.  To the extent that the decision concludes that the petition filed by Michael Cohen was premature and outlines the history of First Step Act, and its phase-in stages, the undersigned has considered the same in reaching his recommendation.

2

Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).   In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff.   *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46.   In *Twombly*, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." 550 U.S. at 555 (citations omitted).   Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," Id. (citations omitted), to one that is "plausible on its face," Id. at 570, rather than merely "conceivable," Id.   Therefore, for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I.DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint

3

must meet a "plausibility" standard, instituted by the Supreme Court in *Ashcroft v. Iqbal*, where it held that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B. Motion for Summary Judgment**

The Supreme Court has recognized the appropriateness of summary judgment motions pursuant to Rule 56 of the Federal Rules of Civil Procedure in habeas cases. *See Blackledge v. Allison*, 431 U.S. 63, 80 (1977); *see also Maynard v. Dixon*, 943 F.2d 407 (4th Cir. 1991). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *United States v. Lee*, 943 F.2d 366, 368 (4th Cir. 1991).

Motions for summary judgment impose a difficult standard on the moving party because it must be obvious that no rational trier of fact could find for the nonmoving party. *Miller v. FDIC*, 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith*

*Radio Corp.*, 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. *Anderson,* 477 U.S. at 248-49.

## ANALYSIS

### A.  Petitioner has not demonstrated a present right to habeas relief.

The First Step Act of 2018 ("FSA"), signed into law on December 21, 2018, includes a provision for evidence-based recidivism reduction program incentives and productive activities rewards.  *See* Pub. L. 115-391, 132 Stat. 5194 (2018); *see also* 18 U.S.C. § 3632(d).  Through this program, prisoners may earn various incentives and rewards, including the awarding of time credits, for their participation in and completion of certain programs and productive activities that are assigned to them by Bureau of Prisons ("BOP") staff.  *See* 18 U.S.C. §§ 3632(b), (d).

As part of the FSA, and as set forth in 18 U.S.C. § 3621(h), the BOP was required to create a new risk and needs assessment system to determine the recidivism risk of each prisoner by January 15, 2020, begin implementing the system on that date, and have full implementation completed by January 15, 2022.  *See Saleh v. Young*, No. 5:19-cv-00468, 2021 WL 1758711 (S.D.W. Va. May 4, 2021).  Thereafter, prisoners who successfully complete evidence-based recidivism reduction programming or productive activities "shall earn 10 days of time credits for every 30 days of successful participation." 18 U.S.C. § 3632(d)(4)(A).  Additionally, a prisoner determined "to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every

5

30 days of successful participation in evidence-based recidivism reduction programming or productive activities."   18 U.S.C. § 3632(d)(4)(A)(ii).

Thus, as noted by the District Court in *Saleh*, the BOP has until January 15, 2022 to provide evidence-based recidivism reduction programs and productive activities for all prisoners and, only at that time, will it be <u>required</u> to award such time credits to eligible prisoners.   2021 WL 1758711 at *1 (citing *Hand v. Barr*, No. 1:20-cv-00348-SAB-HC, 2021 WL 392445, * 5 (E.D. Cal. Feb. 4, 2021).   As further noted by the *Saleh* court, the FSA provides that a "prisoner may not earn time credits under this paragraph for an evidence-based recidivism reduction program that the prisoner successfully completed prior to the date of the enactment of this subchapter" (January 15, 2020). 18 U.S.C. § 3632(d)(4)(B).   *Id.*

The respondent asserts that the authority of the BOP to award such time credits, prior to January 15, 2022, is clearly discretionary and, thus, it has no obligation to award such time credits to those who successfully complete the assigned programs and activities prior to that date.   The respondent further contends that, to date, the BOP has not exercised its discretion to earlier award such time credits. [Doc. 11-1 at 7-10 (collecting cases)].

The respondent recognizes that a court in the District of New Jersey did grant a habeas corpus petition seeking earned time credits under these provisions for an inmate whose release date preceded the effective date of the FSA amendment, citing "unfairness" to inmates who could not benefit from such programming.   *See Goodman v. Ortiz*, No. 20-cv-7582, 2020 WL 5015613, at *1 (D.N.J. Aug. 25, 2020).   Nonetheless,

the respondent contends that such potential "unfairness [] does not provide courts a license to pervert the clear language of the FSA that allows the BOP to delay fully implementing the time credit provisions until January 15, 2022, should the BOP choose to do so." [Doc. 11-1 at 10].

The petitioner's Reply indicates that the respondent misconstrued his petition as a challenge to the BOP's discretionary authority to award time credits pursuant to the First Step Act. Instead, he clarifies that his petition is a challenge to the BOP's refusal to acknowledge the four year Glenville State College Program, offered through FCI Gilmer, is an Evidence Based Recidivism Reduction Program as defined in the FSA.[2]

In his Reply, the respondent notes that since the enactment of the FSA, the BOP has published a list of more than seventy evidence-based recidivism reduction programs and activities. See Doc. 11. Exhibit 1, Attachment E.  The respondent continues that while additional programs are being evaluated and approved on an ongoing basis, the

---

[2] In his Sure-reply [Doc. 19], the petitioner references *Hare v. Ortiz*, 1:20-CV-14083 (D. NJ), which contains a First Step Act Approved Programs Guide, dated October 2020. *See Hare* Doc. 9-5. The undersigned acknowledges that "Post-Secondary Education" is listed within that Guide.  As described, "[t]he post-secondary education program includes courses offered to inmates who have completed high school equivalency requirements and are seeking to enhance their marketable skills. College level classes are   provided by credentialed instructors from the community who deliver coursework leading to either the Associates or Bachelors degree.   Specific prerequisites for each program are determined by the school providing the service." [Doc. 9-5 at 39]. Moreover, "[t]o ensure program fidelity and proper credit, the Post-Secondary Education Program must be delivered by Education staff or appropriately credentialed contractors." *Id.* The locations approved for this program do not include FCI Gilmer. It is pertinent to note that some programs, such as Dialectical Behavior Therapy, Criminal Thinking, Cognitive Processing Therapy, and Bureau Literacy Programs, to name a few, are available at all BOP locations. Some, including the Challenge Program, Brave, and Federal Prison Industries, like Post-Secondary Education, are available only at specified facilities.

Glenville State College Program at FCI Gilmer is not currently on the approved program list. See Doc. 16-1.[3]  The respondent also notes that, as was made clear to the petitioner in the underlying administrative proceedings on this very issue, the Glenville State College Program may later be identified as an evidence-based recidivism reduction program or productive activity.  See ECF No. 16, Attachment 1.

Finally, in his reply, the respondent argues that it is not within the Court's discretion to determine which programs should be included in the FSA's approved  program and activities list, and the petitioner is not entitled to an order from the Court compelling the BOP to add his program to the list of those approved.  The respondent contents that to provide the petitioner with "the relief he requests would result in an 'unwarranted federal court interference with the administration of prisons.'" *Llufrio v. Johns*, No. 5:10-cv-122, 2020 WL 5248556, at *1 (S.D. Ga. Aug. 13, 2020), report and recommendation adopted, No. 5:19-cv-122, 2020 WL 5245133 (S.D. Ga. 2020), quoting *Herring v. Joseph*, No. 4:20-cv-249, 2020 WL 3671375, at * 2-4 (N.D. Fla. June 22, 2020) (quoting *Woodford v. Mgo*, 548 U.S. 81, 93 (2006)), report and recommendation adopted in part, rejected in part on other grounds, 2020 WL 3642706 (N.D. Fla. July 6, 2020).

Because the authority of the BOP to award incentive-based time credits prior to January 15, 2022 is entirely discretionary, there is no basis for this Court to mandate that the BOP award the petitioner any time credits pursuant to 18 U.S.C. § 3632(d)(4)(A). *See Jones v. Phelps*, No. 1:21-cv-418-JFA-SVH, 2021 WL 3668885, at *8 (D.S.C. June 16, 2021), *report and recommendation adopted*, 2021 WL 3667396 (D.S.C. Aug. 17, 2021)

---

[3] *See also* fn 2.

("The relevant statutes, as well as the heavy weight of authority, do not show that the BOP is obligated to apply petitioner's earned time credits prior to January 15, 2022 . . . the court has no discretion to disregard the plain language of the relevant statutes."); *Knight v. Bell,* No. 20-cv-3108-JKB, 2021 WL 1753791, at *3 (D. Md. May 4, 2021) (BOP inmates seeking earned time credits under FSA cannot obtain habeas relief at this time).

Furthermore, it is clearly with the BOP's discretion to determine what programs will be eligible for receipt of time credits upon successful competition. As previously noted, Post Secondary Education is listed within the First Step Approved Programs Guide. However, as yet, FCI Gilmer is not listed as an institution at which such credits can be earned. Until such time as the BOP adds FCI Gilmer and identified the specific educational facility for which prisoner's can apply, this Court has no authority to mandate that the BOP designate the four year Glenville State Colle Programs as an approved PostSecondary Education Program for which the petitioner can accumulate time credits.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the respondent's Motion to Dismiss **[Doc. 11]**; **Grant** the respondent's Motion for Judicial Notice **[Doc. 15]**; **GRANT** the petitioner's Motion for Leave to File Sur-Reply **[Doc. 19]**, **DENY** petitioner's Motion for Summary Judgment **[Doc. 23]**; **DENY** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 **[Doc. 1]**; and **DISMISS** this civil action from the docket of the court.

Within fourteen days after service of this Report and Recommendation, any party may file with the Clerk of this Court, **specific written objections, identifying the**

**portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to her last known address as shown on the docket, and to counsel of record via electronic means. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case and **remove the PSLC case flag**.

DATED: October 28, 2021

/s/ *James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE