IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Clarksburg

**JEFFREY COHEN**,

        Petitioner,

v.                                                **CIVIL ACTION NO. 1:20-CV-211**
                                                          Judge Bailey

**ROBERT HUDGINS**,

        Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

The above referenced case is before this Court upon the magistrate judge's recommendation that the respondent's Motion to Dismiss [Doc. 11] be granted; respondent's Motion for Judicial Notice [Doc. 15] be granted; petitioner's Motion for Leave to File Sur-Reply [Doc. 19] be granted; petitioner's Motion for Summary Judgment [Doc. 23] be denied; petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] be denied and this case dismissed from the active docket of the court.

**I. BACKGROUND**

Petitioner filed his Petition for Habeas Corpus Pursuant to § 2241 on August 24, 2020. Therein, petitioner asserts two grounds. First, petitioner argues that his duration of confinement "has been significantly lengthened because Hudgins has denied [his] First Step Act Time Credit for [his] participation in a 4-year college degree program and his time mentoring others." See Doc. 1 at 5]. Second, petitioner asserts that the denial of his request for Time Credits pursuant to the First Step Act "was not in accordance with law, was arbitrary, and violative of [his] constitutional right to due process." See [Id. at 6].

1

For relief, petitioner requests (1) an order and judgment declaring that his time participating in Evidence-Based Recidivism Reduction Program ("EBRRP") and Productive Activities ("PA") should be credited towards time credits for early release and (2) an order and judgment enjoining the further deprivation of petitioner's liberty interest in the allocation of earned Time Credits for his participation in EBRR and PA activities.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner timely filed his Objections to Proposed Findings and Recommendations [Doc. 33] on November 29, 2021.

### III. DISCUSSION

#### A.   Objections to the R&R

In the R&R, Magistrate Judge Mazzone noted that because the authority of the Bureau of Prisons ("BOP") to award incentive-based time credits prior to January 15, 2022, is entirely discretionary, there is no basis for this Court to mandate that the BOP award petitioner any time credits pursuant to 18 U.S.C. § 3632(d)(4)(A). Magistrate Judge Mazzone also held that it is "clearly with[in] the BOP's discretion to determine what programs will be eligible for receipt of time credits upon successful completion."

Petitioner filed his Objections [Doc. 33] on November 29, 2021. Therein, petitioner provides four (4) objections to Magistrate Judge Mazzone's R&R:

1. Judge Mazzone's recapitulation is incorrect;
2. Summary judgment should be granted in petitioner's favor;
3. Judge Mazzone's reading of the FSA statute is not in harmony with its text nor the intent of the statute's drafters; and
4. The plain language of the FSA along with the Senators' letter proves the BOP must allow credits for participation in EBRRP after December 21, 2018

[Doc. 33 at 1–7].

Petitioner's first and second objections assert that Magistrate Judge Mazzone was influenced by "incorrect information" and that the Glenville State College Program at FCI Gilmer is an approved location and program for First Step Act credits. This Court does not dispute that FCI Gilmer is listed as a location at which the Post-Secondary Education programs are offered. However, at this time, the Glenville State College Program is *not* an approved course for purposes of First Step Act credits. As the warden explained to petitioner, and what Magistrate Judge Mazzone relied on, the "Glenville State College Program at FCI Gilmer was not among the programs listed. More programs are being evaluated and approved on an ongoing basis. In the future, the program may be identified as a EBRR or PA." *See* [Doc. 16-1 at 3]. Thus, Magistrate Judge Mazzone relied on the correct information in making his R&R and petitioner's first and second objections are overruled.

Petitioner's third and fourth objections rely on **Hare v. Ortiz**, 1:20-CV-14083 (D. N.J.) and assert that the because he successfully completed a EBRR program on or after December 21, 2018, he is entitled to earned time credits. However, **Hare** simply confirms that post-secondary education is a BOP First Step Act approved program. Nowhere in the **Hare** case does it hold that all Glenville State College courses are approved. Just because FCI Gilmer is listed as a location where Post-Secondary Education programs are offered does not mean that every course offered at FCI Gilmer through the Glenville State College Program is automatically approved as a course for purposes of First Step Act credits. Therefore, petitioner's third and fourth objections are overruled.

Having found no clear error in the remainder of the magistrate judge's well-reasoned review of the pleadings, petitioner's objections [Doc. 33] are **OVERRULED**, and it is the opinion of this Court that the Report and Recommendation [Doc. 28] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, Respondent's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [Doc. 11] is **GRANTED**; Respondent's Motion to Take Judicial Notice [Doc. 15] is **GRANTED**; Petitioner's Motion for Leave to File Sur-Reply [Doc. 19] is **GRANTED**; petitioner's Motion for Summary Judgment [Doc. 23] is **DENIED**; and petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] is **DENIED** and this case is **DISMISSED** from the active docket of this Court.

Moreover, petitioner requests a stay in the above-styled action until January 16, 2022, if this Court were to find this action premature. However, this Court does not see the above-styled action premature. Petitioner is unable to get First Step Act credits because the specific program is not an approved program *as of right now*. Seeing no reason for a stay, this request is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: November 29, 2021.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT COURT**